UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WILLIAM GARY STAPLETON | § § | CASE NO. 14-42478 |
| DEBTOR | § | Chapter 7 |

APPLICATION OF TRUSTEE FOR APPROVAL OF RETENTION OF SPECIAL COUNSEL WITH AFFIDAVIT AND DISCLOSURE OF COMPENSATION ATTACHED

TO THE HONORABLE BRENDA RHOADES;
UNITED STATES BANKRUPTCY JUDGE:

Michelle H. Chow, the duly appointed chapter 7 trustee of the estate of the above-referenced Debtor ("Trustee"), files this Application for Approval of Retention of Special Counsel, and in support thereof, would respectfully show this Court as follows:

**NO HEARING WILL BE CONDUCTED ON THIS PLEADING UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

I. **JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327(c) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.  PROCEDURAL BACKGROUND

3. This case was commenced by the filing of an involuntary petition under Chapter 7 by Starfish Investments, LP ("Starfish") on November 26, 2014. An Order for Relief was entered on January 14, 2015. Movant was appointed trustee of the estate.

4. Prior to bankruptcy, the Debtor was involved in a lawsuit[1] which resulted in a Judgment being taken against him by Starfish. In connection with the Lawsuit, it appears that various transfers have been made which may be avoidable by the Trustee. These transfers include, without limitation, the transfer of the real property located at 1161 Stacy Rd, Fairview, Texas, which consists of a 21 acre tract of land, with a 4,000 square foot primary residence, two (2) other homes, a barn, and a horse yard (the "Property"); and certain transfers made by Debtor to his wife, including without limitation any transfers made pursuant to a purported partition agreement (allegedly executed on January 1, 2012). The estate holds claims related to such transfers, including claims under chapter 5 of the Bankruptcy Code (all such claims and causes of action, whether arising under chapter 5 of the Bankruptcy Code or under state law, the "Estate Claims").

5. The Trustee seeks to employ Wick Phillips, Gould & Martin, LLP ("WP") as special counsel on a contingency fee basis to investigate and prosecute the Estate Claims on the basis set forth in this Application. The Firm previously represented Starfish--the Plaintiff in the Lawsuit. For all matters other than the prosecution of the Estate Claims, the estate will retain disinterested general counsel.

---

[1] Starfish Investment, LP vs. William Gary Stapleton, Case # 366-00558-2014, in the 366th District Court of Collin County, Texas (the "Lawsuit").

### III.   RELIEF REQUESTED

6.   By this Application, the Trustee seeks to employ WP as special counsel to prosecute the Estate Claims pursuant to sections 327(c) and 328(a) of the Bankruptcy Code.

7.   Section 327(c) of the Bankruptcy Code provides as follows:

> In a case under chapter 7 . . . a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

8.   Attached to this Application is the Affidavit of J. Sean Lemoine in Support of Application to Employ Special Counsel (the "<u>Lemoine Affidavit</u>"). As set forth in the Lemoine Affidavit, WP represented Starfish in connection with the Lawsuit. WP also intends to continue to represent Starfish in connection with any objections to the Debtor's discharge filed by Starfish pursuant to 11 U.S.C. § 727, or any objections to the dischargeability of Starfish's debt pursuant to 11 U.S.C. § 523.

9.   In the Trustee's opinion, the employment of the WP will be in the best interests of this estate and its creditors. The Trustee believes that in view of WP's prior experience with the Debtor and expertise in the relevant area of the law, it would be in the best interest of the estate herein to have the Firm's representation.

10.   Moreover, to the best of the Trustee's knowledge, WP does not hold any adverse interest to the estate with respect to the matter in which it is to be retained. The Trustee does not believe that WP has an actual conflict of interest, and it will continue to monitor the engagement to ensure that no such conflict arises.

11. Subject to the Court's approval, the Trustee and WP have agreed to the following contingency fee agreement (the "Contingency Fee Agreement"):

- Starfish will advance all costs, expenses and expert fees in connection with WP's prosecution of the Estate Claims (all such costs, fees, and expenses, the "Litigation Costs"), including all costs associated with legal research, copying costs, court reporters and deposition transcripts, as well as all fees for experts retained in connection with the prosecution of the Estate Claims. Starfish will be entitled to reimbursement of Litigation Costs "first dollar" from any Recovery (as defined below) on the Estate Claims. Starfish shall be granted a lien on the proceeds of any Recovery to secure the reimbursement of the Litigation Costs. WP will have no obligation to fund the Litigation Costs.

- WP shall be entitled to 33.33% of any gross Recovery (the "Contingency Fee"), calculated before the payment of Litigation Costs to Starfish. In other words, WP's Contingency Fee shall be calculated on the gross amount of the Recovery, and not based upon the Recovery less the Litigation Costs. WP shall be granted a lien on the proceeds of any Recovery to secure payment of any Contingency Fee to which it may become entitled.

12. "Recovery" means any amounts or other measurable benefits resulting from the prosecution of the Estate Claims if, as and when received by or on behalf of the Debtor's estate.

13. Section 328(a) of the Bankruptcy Code permits a trustee, with approval of the Bankruptcy Court, to employ attorneys on any reasonable terms and conditions of employment to perform services for the trustee. *See* 11 U.S.C. § 328(a). Courts have recognized that contingency fee arrangements are suitable methods to compensate a bankruptcy estate's professionals when an estate has limited resources to fund the litigation. *See, e.g., Peele v. Cunningham* (*In re Texas Sec., Inc.*), 218 F.3d 443 (5th Cir. 2000).

14. In the event of any Recovery, WP intends to apply to the Court for approval and payment of compensation in accordance with the terms set forth above pursuant to section 328(a) of the Bankruptcy Code. Moreover, in the event of any Recovery, Starfish will seek reimbursement of its Litigation Costs through application and court order.

15. WP expects to continue to represent Starfish in connection with any claims which Starfish may have against the estate. Moreover, if Starfish asserts any objections to the Debtor's discharge, or asserts any objections to the dischargeability of the Debtor's debt owed to Starfish, WP expects to continue to represent Starfish in these matters. The Firm will be paid directly by Starfish for these matters.

16. Pursuant to Local Rule 2014, the Trustee provides the following notice:

| | |
|---|---|
| Petition Date: | November 26, 2014 |
| Chapter: | Chapter 7 |
| Contact: | J. Sean Lemoine, Wick Phillips Gould & Martin, LLP, 2100 Ross Avenue, Suite 950, Dallas, Texas 75201 |
| Other Professionals: | Mark I. Agee, Proposed General Counsel |
| Compensation: | 1/3 contingency fee plus expenses |

WHEREFORE the Trustee respectfully requests that the Court (a) enter an Order pursuant to section 328(a) authorizing the employment of WP as special counsel to the Trustee to investigate and prosecute the Estate Claims on the terms set forth in the Application; (b) enter an Order authorizing and approving Starfish to advance the Litigation Costs, and to be reimbursed by the estate from any Recovery as set forth in

this Application; and (c) grant such other and further relief to which the Trustee may show itself justly entitled.

/s/ Michelle H. Chow
Michelle H. Chow, Chapter 7 Trustee
P.O. Box 601389
Dallas, Texas 75360
(214) 521-6627; (214) 320-2966 Fax
CHAPTER 7 TRUSTEE OF DEBTOR

## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing has been served via first class mail, postage prepaid, on all parties listed below and on the attached list on May 4, 2015.

/s/ Mark I. Agee
Mark I. Agee

J. Sean Lemoine
Wick, Phillips, Gould & Martin, LLP
2100 Ross Avenue, Suite 950
Dallas, Texas 75201

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WILLIAM GARY STAPLETON | § § | CASE NO. 14-42478 |
| DEBTOR | § | Chapter 7 |

STATEMENT UNDER RULE 2016 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND SECTION 329 OF THE BANKRUPTCY CODE

1. J. Sean Lemoine, on behalf of Wick Phillips, Gould & Martin, LLP (the "Firm"), and pursuant to Federal Rule of Bankruptcy Procedure 2016 (the "Bankruptcy Rules") and 11 U.S.C. § 329 (the "Bankruptcy Code"), states that the undersigned is the proposed special counsel in the above-captioned case.

2. In this case, the Firm's compensation is described in the Application to Employ Special Counsel.

3. To date, the Trustee and the bankruptcy estate have paid nothing to the Firm.

4. The Firm will seek Court approval of compensation pursuant to 11 U.S.C. § 328(a) in accordance with Application to Employ Special Counsel and any order approving such Application.

5. The services to be rendered include those services set forth in the Application to Employ Special Counsel.

6. The Firm has neither shared, nor agreed to share (a) any compensation received or that may be received with another party or person, or (b) any compensation another person or party has received or may receive.

Respectfully Submitted,

_____
J. Sean Lemoine
Wick, Phillips, Gould & Martin, LLP
Texas Bar No. 24027443
2100 Ross Avenue, Suite 950
Dallas, TX 76201
(214) 692-6200  (214) 692-6255 fax

PROPOSED SPECIAL COUNSEL

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| WILLIAM GARY STAPLETON | § § | CASE NO. 14-42478 |
| DEBTOR | § | Chapter 7 |

AFFIDAVIT OF J. SEAN LEMOINE
SUPPORT OF APPLICATION TO EMPLOY SPECIAL COUNSEL

STATE OF TEXAS     §
                   §
COUNTY OF DALLAS   §

J. Sean Lemoine, being duly sworn, deposes and says:

1. I am an attorney at law licensed and in good standing in the State of Texas. I am over the age of 21 years and I am otherwise qualified to make this affidavit. I am a partner with Wick Phillips, Gould & Martin, LLP (the "Firm"). The Firm's principal offices are located at 3131 McKinney Avenue, Suite 100, Dallas, Texas 75204. I am authorized to make this affidavit on the Firm's behalf. The statements made herein are based on my personal knowledge and are correct. This Affidavit is submitted in support of the Application to Retain Special Counsel.

2. I reviewed my records and documents to determine the Firm's connections with the Debtor, the Debtor's unsecured creditors, and the Debtor's asserted pre-petition secured creditors, the Trustee, and their attorneys and accountants.

3. Prior to Bankruptcy, I represented the creditor Starfish Investments, L.P. ("Starfish") which was the plaintiff in litigation, styled *Starfish Investments, LP v. William Gary Stapleton*, Ca. No. 366-00558-2014, in the 366th District Court of Collin County, Texas (the "Litigation"). Starfish obtained an interlocutory summary judgment on a promissory note claim

on April 17, 2014. Starfish also brought fraud claims against the Debtor, but non-suited those claims on April 17, 2014, creating a final appealable judgment.

4. Debtor appealed Starfish's final judgment in the case styled *William Gary Stapleton v. Starfish Investments, LP*, Ca. No. 05-14-00861, in the Court of Appeals for the Fifth District of Texas, County of Dallas. That appeal is currently stayed.

5. The Firm proposes that it will continue to represent Starfish Investments, LP with regard to any claims which Starfish might have against the Debtor, an objection to the discharge of Starfish's debt under 11 U.S.C. § 523, and any objection that Starfish asserts to the Debtor's discharge pursuant to 11 U.S.C §727. The Firm would be paid directly by Starfish for that work. Since part of the basis for any claims that Starfish asserts under 11 U.S.C. §§ 523 and 727 may include reference to the alleged fraudulent transfers, there may be some overlap of the services provided. The Firm will use its best efforts to see that no conflicts arise in this regard.

4. Except as disclosed, insofar as I have been able to ascertain based on the review referred to in paragraph 3, my firm has no other connections to any party referred to in paragraph 2. Accordingly, I and my firm are "disinterested" as that term is defined in § 101(14) of the Bankruptcy Code in that we are not:

    (a) a creditor, equity security holder, or insider of the Debtor or the Trustee;

    (b) an investment banker for any outstanding security of the Debtor or the Trustee;

    (c) attorney for an investment banker of the Debtor or the Trustee; or

    (d) a director, officer, or employee of the Debtor or the Trustee or of any investment banker specified in subparagraph (b) or (c) above.

6. I will apply for compensation for professional services rendered in connection with this case subject to the approval of this Court and in compliance with applicable provisions

of the Bankruptcy Code, Bankruptcy Rules, and Orders of this Court, on the basis set forth in the Contingency Fee Agreement in the Application of Trustee for Approval of Retention of Special Counsel.

7. No promises have been received by me or my firm as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The firm and I have no agreement with any other entity to share any compensation received in connection with this case.

8. Except as disclosed, I have been able to ascertain, neither I nor the Firm represent any interest adverse to the Debtor or the Trustee in the matter upon which we are to be engaged.

FURTHER, THE AFFIANT SAID NOT

/s/ J. Sean Lemoine
J. Sean Lemoine
Wick Phillips, Gould & Martin, LLP
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
(214) 692-6200

PROPOSED SPECIAL COUNSEL

COUNTY OF DALLAS ◇
◇
STATE OF TEXAS ◇

    Before me, the undersigned authority personally appeared J. Sean Lemoine, who, upon being duly sworn, affirmed that his name was J. Sean Lemoine, that he had reviewed the above document, and that it was true and correct.

    SUBSCRIBED AND SWORN to before me on April 21, 2015

> GRACIE N. WEBB
> Notary Public, State of Texas
> My Commission Expires
> February 11, 2017

_____
Notary Public in and for the State of Texas

02/2017
My commission expires:

| | |
|---|---|
| (p)FORD MOTOR CREDIT COMPANY<br>P O BOX 62180<br>COLORADO SPRINGS CO 80962-2180 | Abernathy, Roeder, Boyd & Joplin, PC<br>1700 Redbud Blvd., Suite 300<br>McKinney, TX 75069-3276 |
| Benchmark Bank<br>c/o Jacob M. Gold, Esq.<br>Gold Law Firm<br>701 East Fifteenth Street<br>Suite 206 | Christopher J. Moser<br>Quilling Selander Lownds Winslett Moser<br>2001 Bryan Street<br>Suite 1800<br>Dallas, TX 75201-3070 |
| Dance, Bigelow, Sharp & Co. PC<br>433 E. Las Colinas Blvd., Suite 1290<br>Irving, TX 75039-5058 | Hudson M Jobe<br>Quilling, Selander, Lownds, et al<br>2001 Bryan Street, Suite 1800<br>Dallas, TX 75201-3071 |
| Mike Jenkins Starfish Investments, LP<br>5909 Settlement Way<br>McKinney, TX 75070-7009 | Rausch, Sturm, Israel, Enerson & Hornick<br>15660 Dallas Parkway, Suite 350<br>Dallas, TX 75248-3344 |
| Starfish Investments, LP<br>J. Sean Lemoine<br>Wick Phillips Gould & Martin, LLP<br>3131 McKinney Avenue, Suite 100<br>Dallas, TX 75204-2430 | Stephen G. Wilcox<br>Wilcox Law, PLLC<br>P.O. Box 11509<br>Fort Worth, TX 76110-0509 |
| U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 |
| Wicks Phillips, LLP<br>Attn: J. Sean Lemoine<br>2100 Ross Avenue, Suite 950<br>Dallas, TX 75201-6735 | William Gary Stapleton<br>1161 Stacy Road<br>Fairview, TX 75069-1625 |