UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WILLIAM GARY STAPLETON | § | CASE NO. 14-42478 |
| | § | |
| DEBTOR | § | Chapter 7 |

## OBJECTION TO EXEMPTIONS

TO THE HONORABLE BRENDA RHOADES;
UNITED STATES BANKRUPTCY JUDGE:

NO HEARING WILL BE CONDUCTED ON THIS MOTION/OBJECTION/APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

Michelle Chow (the "Trustee"), the chapter 7 bankruptcy trustee for the above-referenced Debtor, files this Objection to Exemptions and states:

1. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 1334 and 157. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E), and (O). The statutory predicate for the relief requested is 11 U.S.C. § 522(l) and Bankruptcy Rules 1009 and 4003(b).

2. This case was commenced by the filing of an involuntary petition under Chapter 7 on November 26, 2014. An Order for Relief was entered on January 14, 2015. Michelle Chow was appointed trustee of the estate.

3. Property of Non-Filing Spouse. On his Schedule C, the Debtor exempts certain assets which are purported to belong to his non-filing spouse pursuant to a post-marital agreement. Specifically:

> Non-filing spouse has separate, non-community, property
> pursuant to the Partition and Exchange Agreement entered
> into on 01/01/2012 by and between Debtor and nonfiling

> spouse; therefore, all community property was divided at such time and none was created thereafter.
> -household goods and furnishings
> -personal effects
> -jewelry
> -clothing
> -law license
> -2012 Jeep Wrangler
> -Windridge Farm, Inc. (100% interest)
> -Windridge Feed, Inc. (100% interest)
> -Discovery Capital Management, LLC (100% interest)
> -North Platte Energy Group, LLC (45% interest)
> -Titus Energy, LLC (1% interest)
> -Longhorn Meats of Fairview, LLC (100% interest)
> -1161 Stacy Road Limited Partnership (49.5% interest)
> -Law Offices of Laura L. Stapleton, PC (100% interest)
> -Morris, Schorsch & Stapleton, PC (33.3% interest)

The Debtor is not entitled to exempt property which is not owned by him.

4. <u>Homestead</u>. On his filed Schedule C, the Debtor exempts a property commonly known as 1171 Stacy Road, Fairview, Texas ("<u>1171 Stacy Road</u>"). That real estate is adjacent to 1161 Stacy Road, Fairview, Texas ("<u>1161 Stacy Road</u>"). Together, the two parcels are believed to be in nearly 25-acres and may be worth more than $2 million.

5. Initially, it is not clear which specific parcels the Debtor is attempting to exempt. Collin County Central Appraisal District indicates that the Debtor personally owns two parcels of real estate; one is about 1.35 acres, the other is about 2.3 acres. The Debtor should, at least, be required to specify with certainty which parcels he intends to exempt.

6. Second, 1171 Stacy Road, 1161 Stacy Road, and the entities which have owned the properties (including an entity currently controlled by the Debtor's father), have been subject to a number of complex and recent transfers. One interpretation of those transfers is that the Debtor and his non-filing spouse have been making transfers to avoid creditor claims.

7.  The two properties are presently the subject of litigation in this Court.[1] The Trustee also intends to bring litigation asserting, among other things, that the properties have been the subject of various fraudulent transfers. The litigation may affect the ownership of the two properties and thus the Debtor's ability to assert an exemption. To the extent that the Debtor has an interest which may be exempted, the Trustee believes the issue should be resolved in connection with or after the resolution of the litigation.

8.  In addition, according to two Designations of Homestead prepared by Debtor's non-filing spouse and signed by the Debtor, both 1161 and 1171 Stacy Road are claimed exempt by the Debtors:

> The property described above as 1161 Stacy Road, Fairview, Texas 75069, is used and occupied by us as our place of residence, support and the place of the exercise of the calling and business of the family, and is claimed, designated, and set aside by us to be our rural homestead under the Constitution and laws of the State of Texas, to the exclusion of any other property owned, claimed, or held by us, with the exception of the 3.692 acres located at **1171 Stacy Road, Fairview, Texas 75069, which is immediately adjacent hereto, and that we claim to be included in and part of our rural homestead**. The current record title holder of the property designated as our rural homestead is 1161 Stacy Road Limited Partnership, which includes all 21.1 acres.

In other words, the Debtor and/or his non-filing spouse actually claim that both 1161 and 1171 Stacy Road are their exempt homestead.

9.  Given that the Debtor and his non-filing spouse constitute "a family" it is not clear that they may designate, or potentially designate, different homesteads. The Debtor and his wife should have the same homestead and it is not clear that they agree on which it is.

---

[1] *Starfish Investments, L.P. v. William Gary Stapleton*, Adversary Proceeding No. 15-04048.

10.     Additionally, on information and belief, the Debtor and his non-filing spouse are not entitled to assert a rural homestead exemption as both properties are within the limits of the Town of Fairview and both are served by public utilities. To the extent the Debtor and his non-filing spouse are entitled to assert an exemption, the two parcels together would exceed any applicable urban homestead exemption.

11.     The ownership of 1161 Stacy Road, or the ownership of the entities which own 1161 Stacy Road, have been transferred several times.  Based on Collin County CAD records, at the time of bankruptcy, neither the Debtor nor his wife owned the real estate described as 1161 Stacy Road.  Since the Debtor and his non-filing spouse do not own 1161 Stacy Road, they should not be entitled to assert any homestead exemption with regard to that parcel and should not be able to use that parcel as the basis for claiming a homestead exemption on any other parcel.

12.     Finally, aside from everything else, it is not clear that the Debtor or his wife would ever be entitled to assert a homestead exemption with regard to 1171 Stacy Road.  It is believed that the Debtor and his non-filing spouse actually reside in a house located on 1161 Stacy Road[2] (which, itself, may be several parcels) which is owned by the Debtor's father[3] (or an entity controlled by him).  It is not likely that the Debtor ever intends ever to reside on 1171 Stacy Road and instead his homestead claim to 1171 is made in connection with his home on 1161 Stacy Road; it is far from clear that this is permissible.

---

[2] Deposition of William Gary Stapleton Dated September 22, 2014, page 5:

> Q. Is there an address where you live?
> A. 1161 Stacy Road.

[3] Deposition of William Gary Stapleton Dated September 22, 2014, page 8:

> Q. All right. Who owns the home at 1161 Stacy Road?
> A. My father.

THEREFORE the Trustee requests that the Court (i) deny the Debtor's exemptions with regard to the personal property of his non-filing spouse, (ii) deny or at least defer consideration of the exemptability of the Debtor's homestead exemption and (iii) grant such other relief as may be appropriate.

MARK IAN AGEE, Attorney at Law

By:    /s/ Mark I. Agee
       Mark I. Agee, # 00931900

6318 East Lovers Lane
Dallas, Texas 75214
(214) 320-0079; (214) 320-2966 (fax)
Mark@DallasBankruptcyLawyer.com
www.DallasBankruptcyLawyer.com

ATTORNEY FOR TRUSTEE

## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing objection has been served via first class mail, postage prepaid, on all parties listed below on June 19, 2015.

U:\Trustee Cases\Stapleton, William 02-2015\Exemptions Objection - Stapleton.wpd 6/19/15

/s/ Mark I. Agee
Mark Ian Agee

| US Trustee: | Debtor: | Debtor's Attorney: |
|---|---|---|
| Office of the U.S. Trustee<br>300 Plaza Tower<br>110 North College Avenue<br>Tyler, Texas 75702 | William Gary Stapleton<br>1161 Stacy Road<br>Fairview, TX 75069 | John Paul Stanford<br>Quilling, Selander, Lownds, Winslett, & Moser, P.C.<br>2001 Bryan Street, Suite 1800<br>Dallas, TX 75201 |
| Jacob M. Gold<br>Gold Law Firm<br>The 701 Building<br>701 East Fifteenth Street, Suite 206<br>Plano, Texas 75074-5711 | J. Sean Lemoine<br>Wick Phillips Gould & Martin, LLP<br>3131 McKinney Avenue, Suite 900<br>Dallas, TX 75204 | |