UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



EOD
07/21/2015

IN RE: §
§
WILLIAM GARY STAPLETON § CASE NO. 14-42478
§
DEBTOR § Chapter 7

### ORDER GRANTING SUPPLEMENTAL APPLICATION OF TRUSTEE FOR APPROVAL OF RETENTION OF SPECIAL COUNSEL

ON THIS DATE this Court considered the Supplemental Application of Michelle H. Chow, the Trustee, for an order approving the continued employment of Wick Phillips Gould & Martin, LLP ("WP") as special counsel for the Chapter 7 estate in the above-referenced case to prosecute the Estate Claims[1] (the "Supplemental Application"). Upon review of the Supplemental Application, it appears to the Court that WP is disinterested, and represents or holds no interest adverse to the chapter 7 estate with respect to the matter on which WP is to be retained.

The Court finds that it has jurisdiction to consider the Supplemental Application pursuant to 28 U.S.C. §§ 157 and 1334.  The Court further finds that this is a core proceeding pursuant to 28 U.S.C. § 157. The Supplemental Application has been properly served as required by LBR 2014 and no objection to the Supplemental Application has been timely filed by any party.  After reviewing the Supplemental Application, the Court finds that: (i) the proposed continued employment of WP as special counsel for the Trustee to prosecute the Estate Claims under the Contingency Fee Agreement set forth in the Original Application is in the best interests of the estate; (ii) WP and its partners and associates do not represent or hold any interest adverse to

---

[1] Capitalized terms used but not defined in this Order shall have the meaning given to them in the Application.

the Debtor's estate such that WP would be disqualified from representing the Trustee as special counsel for the purpose set forth in the Supplemental and Original Applications, and each of its partners and associates is a "disinterested person" as such term is defined under 11 U.S.C. § 101(14).  The Court further finds that the Supplementla Application should be **GRANTED.**  It is therefore

**ORDERED** that the Supplemental Application is GRANTED, and that the continued employment of WP as special counsel for the Chapter 7 Estate in the above-referenced case is hereby APPROVED, and it is further

**ORDERED** that the continued retention of WP as special counsel for the Trustee in connection with the assertion and prosecution of the Estate Claims is hereby **GRANTED** on a final basis pursuant to 11 U.S.C. § 328(a); and it is further

**ORDERED** that WP is hereby granted a lien in the proceeds of any Recovery to secure the amount of fees to which it may become entitled pursuant to the Contingency Fee Agreement; and it is further

**ORDERED** that Starfish Investments, LP ("Starfish") is authorized to advance the Litigation Costs in connection with the prosecution of the Estate Claims, and that Starfish is entitled to reimbursement of the Litigation Costs "first dollar" from any Recovery; and it is further

**ORDERED** that the foregoing liens granted to WP and Starfish are effective and deemed perfected by operation of this Order whether or not any perfection under state law is undertaken; and it is further

**ORDERED** that WP shall apply to the Court for approval and payment of compensation as set forth in the Contingency Fee Agreement pursuant to section 328(a) of the Bankruptcy Code; and it is further

**ORDERED** that Starfish shall file an application with the Court to seek reimbursement of any Litigation Costs advanced in connection with the Estate Claims; and it is further

**ORDERED** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed on 7/21/2015

_Brenda T. Rhoades_    SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE